THIBODEAUX, Chief Judge,
dissenting.
hThe plaintiffs treating physician, Dr. Granger, testified unequivocally that the May, 2006 accident more probably than not caused the plaintiffs injuries. While he admitted on cross-examination that Ms. Thibodeaux’s fall during a soccer game “could have” caused Ms. Thibodeaux’s herniation, and he could not say with certainty that the injuries were precipitated by the 2006 accident, the law does not require such an absolute standard. It requires simply a preponderance of the evidence, not certainty of the evidence.
Both physicians who treated Ms. Thibo-deaux linked her present medical problems to the May, 2006 accident. Dr. Granger, her long-time family physician, had not noticed any radiating pain in her right arm and upper extremities before the accident. Ms. Thibodeaux experienced pain in her left upper arm in October 2005. Following the May, 2006 accident, she felt pain in her right arm. Dr. Granger’s testimony with respect to causation went essentially unchallenged. A court must accept as true the unchallenged testimony of a credible witness when the record indicates no sound reason for rejecting it. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Ms. Thibodeaux’s claim is further buttressed by the fact that Rfuture medicals were awarded. Thus, the jury certainly felt that she was continuing to *1080 have pain and this pain would require future medical intervention.
The aggregate jury award of $20,000.00 for past and future pain, suffering, and mental anguish is abusively low, given the gravity of Ms. Thibodeaux’s cervical disc injury. I would increase the award to the lowest reasonable award under these circumstances, $150,000.00. Further, uncon-tradicted testimony placed the cost of a cervical discectomy and fusion surgery at approximately $40,000.00, an amount which I believe is appropriate.
For the foregoing reasons, I respectfully dissent.